WILLIAM H. BERRY, Appellant, *v.* JANE FLEMING, Respondent.

*Injunction — change of grade of a lot — duty of the owner to keep the earth on his own lot.*

An owner of land who raises the grade thereof is bound to keep all the earth, used in raising the grade, off the adjoining property.

If he permits such earth to encroach upon the adjoining property, even to the extent of a quarter of an inch, the adjoining owner is entitled to a perpetual injunction restraining the continuance of the encroachment.

APPEAL by the plaintiff, William H. Berry, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 17th day of September, 1902, upon the decision of the court, rendered after a trial at the Orange Special Term, dismissing the plaintiff's complaint.

*Henry Hirschberg*, for the appellant.

*A. H. F. Seeger*, for the respondent.

PER CURIAM:

As we understand the facts of this case, the fence upon the rear of the plaintiff's lot is not built right up to the defendant's line, but stands a quarter of an inch within that line. The defendant, in raising the grade of her lot, has thrown dirt against the fence and caused it to fall down in some places. In doing this, the defendant has unlawfully occupied a portion of the plaintiff's land. It may be that the defendant's right to raise the grade of her lot is unquestionable; but she has no authority in doing this to occupy any part of the plaintiff's property or to interfere with the maintenance of the fence thereon. In raising the grade, if she chooses to do so, the defendant is bound to keep the earth wholly off the plaintiff's property. The principle is the same as to the occupation of a quarter of an inch as it would be if the defendant undertook to occupy ten feet in order to raise the grade of her lot.

It seems to us that upon these facts the plaintiff was clearly entitled to relief against the attempted perpetual occupation of a portion of his property to subserve the interests of the defendant. It follows that the judgment should be reversed and a new trial granted.

Present — BARTLETT, WOODWARD, JENKS and HOOKER, JJ.

Judgment reversed and new trial granted, costs to abide the final award of costs.