## MARY MILTON *vs.* LUTHER W. PUFFER & others, administrators.

Suffolk. November 18, 1910. — January 5, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Nuisance. Trespass,* Continuing. *Evidence,* Presumptions and burden of proof.

In an action of tort for damages alleged to have been caused by the maintenance of a nuisance which the defendant refused to discontinue when notified by the plaintiff to do so, it appeared that the plaintiff and the defendant were the owners of adjoining lots of land upon a city street, that when the plaintiff bought his land there stood upon the land of the defendant a brick building, erected nine years earlier, of which the wall above ground on the side toward the plaintiff's land extended to the boundary line, that the plaintiff in excavating for the foundations of a brick building to be built upon his own land discovered that all along the dividing line the foundation stones of the defendant's building projected irregularly into the plaintiff's land from ten to twelve inches and interfered materially with the construction of the plaintiff's building, that the defendant on notice from the plaintiff, after a delay which was alleged to have caused loss to the plaintiff, caused the stones to be cut off up to the dividing line, except for a distance of twelve or fourteen feet near the front of the properties, where the building inspector of the city refused to allow this to be done on the ground that it would weaken the wall of the defendant's building, and that the projections thus remaining caused the plaintiff additional expense in the erection of his building. *Held,* that, although the plaintiff could not sue for the original trespass, because he was not the owner of the land encroached upon at the time the trespass was committed more than six years before the date of the writ, the maintenance of the projecting stones by the defendant constituted successive or continuing trespasses or nuisances for which the plaintiff could maintain an action to recover any damages caused to him thereby.

In an action by the owner of a lot of land on a city street against the owner of the adjoining lot for a nuisance maintained by the defendant or continuing trespasses committed by him in maintaining foundation stones projecting into the plaintiff's

land, if the defendant relies in defense upon an alleged right or license obtained from the former owner of the plaintiff's land, the burden is on the defendant to show that he had such a right or license.

Morton, J.    The plaintiff and the defendants' intestate, whom we shall speak of as the defendant, owned adjoining estates on Irving Street in Boston.    On the premises of the defendant was a brick building which he had erected after he acquired title in 1896, the face of the southerly wall of which coincided with the dividing line between the two estates.    The plaintiff acquired title in 1905 and immediately began the erection of a brick building according to plans which contemplated that the northerly foundation and wall should be up to and flush with the northerly line of her land and the dividing line between the two estates.    In excavating for the foundations the plaintiff found that all along the dividing line the foundation stones of the defendant's building projected irregularly into her land from ten to twelve inches and interfered materially with the construction of her building.    Thereupon she complained to the defendant, and after a delay which inflicted upon her, as the plaintiff contended, a substantial loss, the defendant caused the stones to be cut off up to the dividing line except for a distance of twelve or fourteen feet near the front of the two estates where the building inspector of the city of Boston refused to allow it to be done on the ground that owing to the peculiar nature of the foundation of the defendant's building at that point it would tend, if done, to weaken the wall of the defendant's building.    In consequence thereof the plaintiff was subjected, as she alleges, to additional expense in the erection of her building which she seeks to recover in this action * with other

* The declaration alleged that on November 7, 1905, the plaintiff was the owner of the premises, describing them, "that on said date she mortgaged said estate to David Stern for $12,000 as security to said David Stern for the payment of said amount in four months from said date with interest thereon at the rate of ten per cent per annum, said amount having been borrowed of said Stern to enable the plaintiff to erect a four family brick dwelling house on said land; and that for the purpose of erecting said dwelling house she thereupon immediately removed from said land certain buildings then standing thereon, and that in the course of so clearing said land she discovered that there were throughout the entire northerly boundary thereof foundation stones and piles forming part of and sustaining the struc-

expenses and damages alleged to have been caused by the projection of the stones into her land and the maintenance of them there. At the conclusion of the plaintiff's evidence the presiding judge[*] ruled that the plaintiff was not entitled to recover, and directed the jury to return a verdict for the defendant. The case is here upon exceptions by the plaintiff to this ruling and direction. We think that the ruling and direction were wrong.

Projecting the stones into the adjoining land without a right or license from the owner to do so was a wrongful act on the part of the defendant, and the maintenance of them in the position in which they were so placed constituted a continuing trespass or nuisance. *Smith* v. *Smith*, 110 Mass. 302, 304.

The plaintiff cannot maintain an action against the defendant for the original trespass since she was not in possession at the time that it was committed. The plaintiff, however, does not seek to recover for that. But the maintenance of the stones in the places where they were originally put constituted successive or continuing trespasses or nuisances and any one injured thereby could maintain an action therefor. *Prentiss* v. *Wood*, 132 Mass. 486, 488. *Curtis Manuf. Co.* v. *Spencer Wire Co.* 203 Mass. 448. 452. That is the cause of action set out in the declaration.

---

tures then standing upon the parcel of real estate adjoining her said estate on the northerly side thereof projecting into and resting upon said estate of the plaintiff, that said stones and piles were so placed there and then and there so maintained by the defendant without right or license therefor and the same then and there were a nuisance on the plaintiff's said estate, and the defendant was then and there duly notified and informed by the plaintiff of all the facts hereinbefore alleged and that said projections must be forthwith removed and that they were then and there delaying the plaintiff in her *said building operations at great expense to the plaintiff* on account of said construction loan mortgage and loss of the use of her said estate; but the plaintiff alleges the defendant refused to remove said projections, and did not remove the same, and caused the plaintiff to go to the expense of having her said estate surveyed, all to the great expense and loss of time and money to the plaintiff, and the completion of the plaintiff's said building was delayed thereby, and the plaintiff has been thereby prevented from receiving rents and profits from the use of her said estate and has been compelled to pay ten per cent interest on said mortgage for a great length of time solely on account of said projections all to the great loss and damage of the plaintiff."

[*] *Fox*, J.

If the defendant relied on a right or license obtained from the former owner of the premises belonging to the plaintiff, the burden was on him to show that he had such right or license.  *McLeod* v. *Jones*, 105 Mass. 403, 407.  *Collier* v. *Jenks*, 19 R. I. 493.

*Exceptions sustained.*

*C. F. Smith*, for the plaintiff.

*I. R. Clark & G. F. Ordway*, for the defendants, submitted a brief.