## DARWIN D. PARKS v. JOHN BYRNE and Others.[1]

### December 20, 1912.

### Nos. 17,796—(113).

**Tort.**

An unlawful interference with a lawful right to abide in a home selected by plaintiff and his wife is an actionable wrong, entitling them to recover for such damages as are shown to have proximately resulted therefrom. [Reporter.]

[1] Reported in 138 N. W. 952.

Action in the district court for Renville county to recover $20,500 for conspiracy to compel plaintiff and his wife to remove from their place of residence, and for trespass upon plaintiff's premises and intimidation of him and his wife. From an order, Qvale, J., overruling defendants' demurrer to the complaint, they appealed. Affirmed.

J. M. Freeman, for appellants.

Homer Morris, for respondent.

PER CURIAM.

This is an appeal from an order overruling a demurrer to a complaint alleging in substance that plaintiff and his wife were in possession of a dwelling house and appurtenances in Morton, Minnesota, wherein they made their home; that the defendants conspired together to use threats to cause plaintiff and his wife to remove from Morton and prevent them from living in that village, contrary to their desires and interests; that pursuant to such conspiracy, and at the di· rection of one of the defendants, the others, with malice, and to put plaintiff and his wife in fear, entered and trespassed upon plaintiff's premises and invaded his home in an angry and threatening manner, and threatened to visit upon plaintiff and his wife great bodily and personal injury if they did not leave their home and said village; and that by reason thereof plaintiff and his wife were compelled to remove from their home, and his work, which removal caused certain specified expenses, inconvenience, and loss.

The contention of defendant is that, there being no physical assault or injury, the fear produced by mere threats does not constitute actionable wrong. But a fair construction of the pleading indicates a trespass in the nature of a wrongful invasion of the home. Plaintiff and his wife had a lawful right to abide in the home they selected, unmolested by threats and intimidations wrongfully designed to drive them away. Lesch v. Great Northern Ry. Co., 97 Minn. 503, 106 N. W. 955, 7 L.R.A.(N.S.) 93. An unlawful interference with this right is an actionable wrong, entitling to a recovery for such damages as are shown to have proximately resulted therefrom. It is unnecessary now to discuss whether threats alone, which caused no actual injury, damage, or loss, are actionable.

Order affirmed.