## GEORGE VOJDICH v. AGNES JEDELSKI AND ANOTHER.[1]

July 5, 1918.

No. 20,893.

**Trespass — malice — amount of damages.**

Action for removal of buildings maliciously erected partly on plaintiff's land so close to his dwelling as to shut out the light and materially affect the value of his property. Judgment directing removal of same and granting $250 damages. *Held*: The evidence supported the finding that the structures were erected for the purpose of annoying plaintiff and that awarding damages. [Reporter.]

Action in the district court for Dakota county in ejectment and to recover $1,000 damages caused by the malicious construction of a garage so close to plaintiff's house as to cut off light. The answer alleged that immediately after defendants received title to their premises, plaintiff erected a house thereon, knowing that the land belonged to defendants, whereby defendants were damaged in the sum of $1,000. The case was tried before Johnson, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Ferdinand Barta*, for appellants.

*D. L. Grannis*, for respondent.

PER CURIAM.

The appeal is from a judgment directing defendants to remove a garage and a building, parts of which had been wrongfully erected by them upon plaintiff's land, and awarding $250 damages. The complaint alleged that defendants wilfully and maliciously entered upon plaintiff's premises and erected these structures so close to plaintiff's dwelling as to shut out the light and cause a material deterioration in the value of his property.

Upon the oral argument the assignment of error based upon the denial of a trial by jury was abandoned. The decree is conceded to be right, except as to the amount of damages. It is contended that the finding which might justify the awarding of more than nominal damages is not sustained by the evidence. It may be true that, because of their surveyor's mistake, defendants in ignorance of the true boundary line erected the buildings complained

[1]Reported in 168 N. W. 95.

of partly upon plaintiff's land. But there is abundant evidence of malice and a disposition to unnecessarily annoy and inconvenience plaintiff in the enjoyment of his property. The buildings were not only placed so as to cover the last inch of ground which defendants mistakenly thought belonged to them to the north, but they placed unnecessary excrescences on the roof of the garage so as to effectually shut off light and air from plaintiff's south windows and erected an ugly and high board fence on the supposed line for the like sinister purpose. We conclude the finding that defendants wrongfully and unlawfully encroached upon plaintiff's land with their structures for the purpose of annoying plaintiff is warranted by the evidence. As to the damages awarded, there was testimony of a reputable real estate dealer and business man, residing in the locality, that plaintiff's damage was $1,000. On cross-examination he stated that the actual damage, suffered by plaintiff and his family in being deprived of light and air during the time of the encroachment of defendants' building, was $500. This testimony went in without any objection whatever, and was not contradicted. We fail to see why this evidence in connection with the finding of actual malice does not amply sustain the damages awarded.

Judgment affirmed.