W. J. SIME v. LISBETH S. JENSEN.[1]

December 24, 1942.

No. 33,244.

[1]Reported in 7 N. W. (2d) 325.

██ 

*Leonard W. Swanson,* for appellant.
*Malmberg & Nelson,* for respondent.

PETERSON, JUSTICE.

Plaintiff sues defendant for trespass upon his land and for removal of lateral support therefrom. Defendant denied liability and counterclaimed for nuisance and for trespass committed by plaintiff upon her land.

The parties own adjoining easterly facing lots on Chicago avenue in Minneapolis, which were formerly under common ownership. In 1938 plaintiff bought his lot and erected a house thereon, which was completed in July 1939. Subsequently defendant bought the lot adjoining plaintiff's on the south and erected a house thereon, which was completed in 1940.

The lots are on a hillside which slopes from north to south with a drop of about three feet per lot. Prior to the acquisition of ownership by either party the top soil had been removed from much of the area involved and a large and deep hole had been dug in removing gravel.

After the houses had been erected, the parties graded their lots. Plaintiff graded his lot so that along the north line it was about three feet below the level of the lot adjoining on the north and so that along the south line it was of varying heights above defendant's lot. In front it was about one foot higher. The height was increased to about 18 inches toward the rear, where it decreased until it was lower than defendant's lot at the alley.

In grading his lot, plaintiff sloped and sodded the bank along the south line in such a way that one-half the bank was on his and

the other half on defendant's lot. When defendant graded her lot in 1940, she removed the part of the bank resting on her lot and leveled her lot to the middle of the slope, where the boundary line was, in such a way as to leave an upright earth bank instead of a sodded slope. Thereafter, soil from plaintiff's land fell upon defendant's.

Subsequently, in 1940, plaintiff sent two men to fix the slope so as to prevent soil falling from his land onto defendant's. They intended to change the grade of and to resod the slope. They entered on defendant's land and started to remove some sod on her lot in doing the work. At this juncture defendant stopped them. It appears that defendant was having a birthday party at the time. She claims that plaintiff committed nuisance, because soil fell from his bank onto her lot, and trespass, because his employes wrongfully entered on her land and started to remove sod.

The evidence is conflicting as to whether the soil along the south line of plaintiff's lot remained in its natural condition, except for the removal of top soil, or whether he filled that part of his lot so as to raise its level above that of defendant's. The findings, clear as to the other facts, are not explicit on this precise point. Throughout the decision below, the court treated the case as one where plaintiff had filled his lot above the level of defendant's. The memorandum, which was made a part of the decision, plainly states that this was the fact and that in consequence thereof plaintiff had no right of lateral support as against defendant. Further, the court below said that "plaintiff of course must furnish his own support for such a condition and cannot permit the soil from his lot to encroach upon defendant's premises by virtue of that situation"; but that, in view of all the facts and circumstances, it was fair and just that a retaining wall should be built on the line between the lots (which the evidence shows was to be about one foot above the ground and was to extend from a point about 15 feet easterly of the front of plaintiff's house 75 feet toward the rear) at a cost of $90, and that defendant should be compelled to pay $30 as her share thereof.

Defendant appeals. She insists that the court below erred in holding that the retaining wall should be built in part on her land and that she should be compelled to pay any part of the cost thereof; that the court erred in its rulings relating to the admission of evidence to prove damages sustained by the trespass committed by plaintiff's employes upon her land; and that it erred in denying her relief for such trespass.

■ The statements of fact in the memorandum made part of the decision are not only not inconsistent with the facts specifically found, but explain and elaborate those thus found and show the only basis for the conclusions made. By the statements of fact in the memorandum, the court below in effect found that plaintiff raised his lot by filling it to a level above defendant's. Facts stated in a memorandum made part of the decision, not inconsistent with the facts specifically found (see McGovern v. Federal Land Bank, 209 Minn. 403, 296 N. W. 473), become a part of the findings. Thomas Peebles & Co. v. Sherman, 148 Minn. 282, 181 N. W. 715. We are bound to accept the facts so found on appeal.

■ The right of lateral support from adjoining land consists in having the soil in its natural condition remain in its natural position without being caused to fall away by reason of excavations or improvements made on adjacent land. Braun v. Hamack, 206 Minn. 572, 289 N. W. 553, 129 A. L. R. 618; Young v. Mall Inv. Co. 172 Minn. 428, 215 N. W. 840, 55 A. L. R. 461. The right to lateral support is said to be a natural one of property, arising from the fact that in a state of nature all land is held together and supported by adjacent lands by operation of the forces of nature. Ownership of land is acquired and held subject to the rights and burdens arising from that situation. Supported land has a right of lateral support from that which naturally affords it support. Supporting land is burdened with affording such support to land which it naturally supports. Schaefer v. Hoffman, 198 Wis. 233, 223 N. W. 847; 3 Tiffany, Real Property (3 ed.) § 752.

As a necessary corollary, it follows that there is no right of lateral support for land where the natural condition thereof has been altered through man's activity so as to create need for lateral support where none existed in a state of nature, as where an owner raises his land above his neighbor's by filling. The right of lateral support "does not include the support needed because of * * * artificial alterations in the supported land * * *. The measure of this right of the other and of this duty of the actor is the natural dependence of land upon land, and the right and duty are not enlarged by alterations of the natural condition." Restatement, Torts, § 817c.

An owner who by filling raises his land above the level of adjoining land has no right of lateral support from the latter and is under the duty to keep soil used in so raising his land off adjoining land. Berry v. Fleming, 87 App. Div. 53, 83 N. Y. S. 1066; American S. & T. Co. v. Lyon, 21 App. D. C. 122. The owner who by filling raises the level of his land above that of his neighbor's is bound to build a retaining wall or other structure if necessary to keep such soil within his own line. In Abrey v. City of Detroit, 127 Mich. 374, 378, 86 N. W. 785, 786, it appeared that, for lack of a retaining wall, soil used in filling caused damage to adjoining property. The court said:

"Plaintiff [the adjoining owner] was not under obligation to build a wall to protect against the dirt thrown in. When one places a bank on his own land above his neighbor's, he is bound to erect a retaining wall or structure sufficient to keep the dirt from encroaching upon his neighbor's land. The case comes within the maxim, 'Sic utere tuo ut alienum non laedas.'"

A retaining wall or other structure to keep raised land from falling cannot be erected on adjoining land without invasion of the right of the owner thereof to its exclusive use and enjoyment. An owner who raises the grade of his lot must build such a wall or structure entirely on his own land. Hutchinson and Rourke v. Schimmelfeder, 40 Pa. 396, 80 Am. D. 582; 1 Am. Jur., Adjoining

Landowners, § 7. The adjoining owner is entitled to a mandatory injunction to compel the removal of a wall encroaching on his land. Milton v. Puffer, 207 Mass. 416, 93 N. E. 634, 32 L.R.A.(N.S.) 1010, and annotation; Pile v. Pedrick, 167 Pa. 296, 31 A. 646, 647, 46 A. S. R. 677. The adjoining owner cannot be compelled to pay any part of the cost of a structure necessary to hold the raised land of his neighbor. Fisher v. Green, 1 Phila. (Pa.) 382.

It follows that plaintiff's land, because it was raised by filling above the level of defendant's, was not entitled to lateral support from the latter, and that defendant cannot be compelled to pay any part of the cost of the retaining wall necessary to keep the soil used to raise plaintiff's land from falling onto defendant's land.

■ Under the findings, plaintiff was guilty of both nuisance and trespass. Where there has been a trespass on realty, the owner is entitled to recover such damages as he may have sustained even though they are nominal in amount. Whittaker v. Stangvick, 100 Minn. 386, 111 N. W. 295, 10 L.R.A.(N.S.) 921, 117 A. S. R. 703, 10 Ann. Cas. 528. *Cf.* Golden v. Lerch Bros. Inc. 203 Minn. 211, 221, 281 N. W. 249. The rules applicable to damages recoverable for trespass and for nuisance interfering with use of land occupied as a home are discussed in Vojdich v. Jedelski, 140 Minn. 520, 168 N. W. 95; Parks v. Byrne, 120 Minn. 519, 138 N. W. 952; Lesch v. G. N. Ry. Co. 97 Minn. 503, 106 N. W. 955, 7 L.R.A.(N.S.) 93; Berger v. Minneapolis Gaslight Co. 60 Minn. 296, 62 N. W. 336.

Reversed and new trial granted.