Scileppi, J.
Plaintiff brought this action to recover damages sustained as a result of defendant’s alleged trespass. The complaint, served on July 20, 1960, alleged that plaintiff was the owner of certain premises known as 509/511 Avenue of the Americas (6th Avenue) and 103/105 West 13th Street, in the Borough of Manhattan, City of New York. Plaintiff commenced construction of a 16-story apartment building on these premises. The plaintiff further alleged that on or about March 2, 1960, while excavating the property for the purpose of driving piles for the foundation of the new structure, plaintiff discovered an encroachment allegedly belonging to the Sixth Avenue Subway which had been completed in 1939. The encroachment was located below ground at a depth of about NlO feet. Plaintiff alleged that it was damaged in that: (1) new plans had to be drawn, redesigning the substructure and foundations, in order to take the encroachment into account; (2) it suffered a deprivation of the use of part of its basement; and (3) the work became more expensive.
Suit was brought against the City of New York and the New York City Transit Authority to recover damages for the above encroachment. The defendants moved to dismiss the complaint on the ground, inter alia, that the three-year Statute of Limitations governing injuries to real property precluded the action. *51 The complaint contained no claim of actual fraud or deceit which would make operative a different Statute of Limitations. Special Term granted defendants’ motion, stating that the Statute of Limitations barred the suit. The Appellate Division unanimously affirmed Special Term’s disposition of the case, and we granted permission to appeal. No other ground for dismissal was passed upon.
The sole issue before us is whether the three-year Statute of Limitations for injury to property (Civ. Prac. Act, § 49, subd. 7) is applicable to a case involving an underground trespass. The sole importance of the subterranean location of the trespass is that the plaintiff was ignorant of the encroachment when it was made.
In Schwartz v. Heyden Newport Chem. Corp. (12 N Y 2d 212, 216-217) we said: “ A cause of action accrues upon the violation of a legal right. In certain cases growing out of the action for trespass, the right is to be free from direct invasions of person or property. The wrong is done, the right violated, and the cause of action complete when the invasion takes place, independently of any actual pecuniary damage. In such cases the right is not to be trespassed upon.” (Emphasis supplied.) The holding in that case makes it clear that the cause of action here accrued when the invasion of plaintiff’s property occurred, that is, in 1939 when the subway was completed, albeit the damage claimed was incurred in 1960. If, then, we consider the encroachment to be a single permanent trespass, it follows that the action is barred.
Plaintiff urges that its lack of knowledge prevented the cause of action from accruing in 1939. Knowledge of the invasion of a right has not been considered critical in determining the time when a cause of action accrues. In Schmidt v. Merchants Desp. Transp. Co. (270 N. Y. 287, 300) we said: “ Except in cases of fraud where the statute expressly provides otherwise, the statutory period of limitations begins to run from the time when liability for wrong has arisen even though the injured party may be ignorant of the existence of the wrong or injury.” In the case before us, since there is no allegation of actual fraud, the fraud Statute of Limitations does not apply. Plaintiff seeks to convince us, however, that an inadvertent, subterranean trespass is tantamount to constructive fraud, a theory espoused *52 in Tom Reed Gold Mines Co. v. United Eastern Min. Co. (39 Ariz. 533). Whether or not that is the law, the action would still be barred by the Statute of Limitations. An action based on constructive fraud falls within section 53 of the Civil Practice Act (now CPLR 213 [1]) and must be commenced within 10 years (now 6 years) after the cause of action occurs (Pitcher v. Sutton, 238 App. Div. 291, 293, affd. 264 N. Y. 638). As shown above, the cause of action,' if considered a single permanent trespass, accrued when the wrong was completed in 1939 and, accordingly, likewise, would be barred. . .
Special Term based its conclusion on the rationale that the trespass here involved was a “ permanent 'trespass ” and, as such, gave rise to a single cause of action which accrued at the time of the initial encroachment in 1939. If this characterization were correct, the suit would be barred by the statute, and Schwartz v. Heyden Newport Chem. Corp. (12 N Y 2d 212, supra) would control. The classification of the trespass as “ permanent ” was formulated on the authority of Bertram v. Orlando (102 Cal. App. 2d 506), a decision of an intermediate California appellate court, where it was held that “ the encroachment of a building obviously intended to be piermanent * * * is a permanent trespass ” (p. 509). In essence, the California court is saying that a permanent structure begets a ‘ ‘ permanent trespass ’ ’, an incident of which is that it" gives rise to a single cause of action accruing when the wrong is complete. In New York, we have.consistently characterized an unlawful encroachment as a continuous trespass giving rise to successive causes of action (Pappenheim v. Metropolitan El. Ry. Co., 128 N. Y. 436; Galway v. Metropolitan El. Ry. Co., 128 N. Y. 132; Ford v. Clendenin, 215 N. Y. 10). In other words, although the nature of the structure may be permanent, the nature of the trespass is continuous. Suits predicated on a continuous trespass are barred only by the expiration of such time which would create an easement by prescription or change title by operation of law (Galway v. Metropolitan El. Ry. Co., 128 N. Y. 132, supra).
From the above, the New York rule is readily perceived: an encroaching structure is a continuing trespass which gives rise to successive causes of action, except where barred by acquisition of title or an easement by operation of law. In the case at bar *53 we are merely concerned with a motion to dismiss under rule 107 of the former Civil Practice Act, and do not concern ourselves with any .statements made on the oral argument regarding the possibility of the acquisition of title by adverse possession. Since the case falls within the general rule, and since a consideration of the exception is premature, the institution of the action is not barred by the Statute of Limitations.
We do not address ourselves to the remainder of the grounds urged for dismissal, or to defendant Transit Authority’s contention that the complaint does no.t state a cause of action against it because it was not in existence at the time of the encroachment.
The judgment of the Appellate Division should be reversed, with costs in all courts, and the matter remitted to Special Term for further proceedings not inconsistent with this opinion.
Chief Judge Desmond and Judges Dye, Ftjld, Van Voobhis, Bubke and Bebgan concur.
Judgment reversed, etc.