■ GRACE BLAKESLEE, Appellant-Respondent, v R. JOHN PUNNETT et al., Respondents-Appellants.—Order entered in the Supreme Court, New York County, on November 21, 1974 denying plaintiff's motion for partial summary judgment against several defendants and dismissing the complaint as to other defendants, unanimously modified, on the law, so as to grant plaintiff partial summary judgment requiring defendants 329 Holding Corp. and William Pellegrino to discontinue the flow of sewage from their respective premises to flow into and through plaintiff's property. The order is in all other respects affirmed, without costs or disbursements. Plaintiff owns 327 East 52nd Street, New York City. Defendant 329 Holding Corp. owns the property immediately adjoining plaintiff's property and defendant Pellegrino owns 331 East 52nd Street, immediately adjoining 329. The three buildings were originally built by one owner with a common sewer to serve the three buildings, the sewer lines from 331 flowed into 329 and both flowed into and through plaintiff's property from which they emptied into the city sewer in the roadbed of 52nd Street. The properties were thereafter sold at various times to different owners. Plaintiff acquired her property in 1961. She did not discover the common sewer line until 1965. She complains that due to the doubling of the number of apartments in the three buildings from 15, as originally built, to the present number of 30, the sewer line is inadequate, resulting in a backup in her line with consequent flooding and

damage to her property. Former section C26-1225.0 of the Administrative Code of the City of New York provided that a plumbing system installed before January 1, 1938 (this system predates 1938 by many years) must comply with the requirements of section C26-1220.0 of the Code that its sanitary drainage system be independently connected to a sewer system if any replacements or alterations involve more than 50% of the fixture units and the piping used in connection therewith. The record clearly shows a doubling of the number of apartments and the installation of completely new plumbing systems. Furthermore, defendants' conceded continued use of plaintiff's property as a conduit for their sewage disposal constitutes a trespass. Permission for such continued use has been withdrawn and they have been requested to make independent linkage to the city sewer system. Thus, defendants' underground lines constitute an unlawful encroachment and a continuous trespass. *(509 Sixth Ave. Corp. v New York City Tr. Auth., 15 NY2d 48.)* Plaintiff is entitled to injunctive relief directing the two adjoining defendant property owners to independently connect their sanitary drainage to the city's sewer system. Settle order on notice. Concur—Stevens, P. J., Murphy, Lupiano, Capozzoli and Nunez, JJ.