**L'ENFANT PLAZA EAST, INC., Appellant,**

v.

**JOHN McSHAIN, INC., Appellee.**

**No. 9655.**

District of Columbia Court of Appeals.

Argued Nov. 20, 1975.

Decided June 11, 1976.

Douglas E. McKinley, Washington, D.C., with whom Warren K. Kaplan, Washington, D.C., was on the brief, for appellant.

John F. Mahoney, Jr., Washington, D.C., with whom Alva P. Weaver, III, Baltimore, Md., was on the brief, for appellee.

Before REILLY, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

Appellant L'Enfant Plaza East, Inc. (L'Enfant) complains of the trial court's order granting summary judgment against it in its suit seeking damages against appellee John McShain, Inc. (McShain) for trespass and delay in a construction project. The judgment was based upon McShain's motion for summary judgment on the ground that the suit was untimely filed under the applicable statute of limitations.[1] We find error and reverse.

In the late 1960's McShain, a general contractor, constructed a building for the Department of Housing and Urban Develop-

---

1. D.C.Code 1973, § 12–301(3) provides in pertinent part:

[A]ctions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues:

\* \* \* \* \*

(3) for the recovery of damages for an injury to real . . . property—3 years [.]

"Our statute of limitations comes from Maryland, and requires [the suit] to be brought within three years ensuing the cause of action." *Meloy v. Johnston*, 2 MacArthur (9 D.C.) 202, 206 (1875).

ment (HUD).[2] The western boundary of the HUD building adjoined the property leased to L'Enfant. During construction of the HUD building, a portion of the footings extended beyond HUD's boundary line and into L'Enfant's property. This encroachment, consisting of concrete with steel reinforcing bars, ran along the common boundary line for approximately 240 feet. It extended 1½ to 3½ feet into L'Enfant's property. The encroaching structure was approximately 3 feet thick and was buried 23 feet below the surface.

L'Enfant, through a contractor, commenced development of its property on May 11, 1971. On June 11, 1971, during excavation for the construction of its building, the encroachment was discovered. After demand, McShain contracted for the removal of the encroachment during the month of July 1971. Construction resumed following such removal and L'Enfant's building was completed on June 25, 1973. The complaint was filed on June 21, 1974.

▬ Our research, and that of the parties, reveals that this is a case of first impression in this jurisdiction. A cause of action for trespass usually accrues at the time of the original encroachment. *See Jackson v. Emmons,* 19 App.D.C. 250, 255 (1902). *See also Callahan v. Clemens,* 184 Md. 520, 41 A.2d 473, 476 (1945). We note a similarity to this general rule for permanent structural encroachments. In such cases, the cause of action accrues at the time the trespass occurs (*see Bertram v. Orlando,* 102 Cal.App.2d 506, 227 P.2d 894 (1951));[3] however, we believe that a continuing unknown encroachment is another matter.

▬ McShain argues, pursuant to the general rule, that the encroachment occurred and was discovered more than three years before L'Enfant filed its complaint for damages and therefore the cause of action is barred. We agree that D.C.Code 1973, § 12–301(3), is the controlling statutory provision. The encroachment, however, was unlike that in most cases regarding permanent structures. First, we are not persuaded that the encroachment was permanent in nature simply because it was an injury to real property. *See Givens v. Markall,* 51 Cal.App.2d 374, 124 P.2d 839, 842 (1942). Moreover, it is significant that the encroachment was not vital to or supportive of the HUD building since it was easily removed without affecting the stability of that building. It was not included in the HUD construction plans and was promptly removed at a reasonable expense. *See City of Ashland v. Kittle,* 305 S.W.2d 768, 769 (Ky.1957). *See also Bertram v. Orlando, supra,* 227 P.2d at 895. Three factors for determining permanency are articulated in D. Dobbs, Remedies § 5.4 at 338 (1973):

> (1) is the source of the invasion physically permanent, i. e., is it likely, in the nature of things, to remain indefinitely? (2) is the source of the invasion the kind of thing an equity court would refuse to abate by injunction because of its value to the community or because of relations between the parties? (3) which party seeks the permanent or prospective measure of damages?

Once this encroachment was discovered, it was removed without undue difficulty. Therefore, "in the nature of things" it was not likely to remain indefinitely. Second, this case reveals a concealed subterranean encroachment buried at least 23 feet below the surface. Such a trespass is unlike that in *Sustrik v. Jones & Laughlin Steel Corp.,* 413 Pa. 324, 197 A.2d 44, 46 (1964). There, a pipe was installed "more than forty years

---

2. The HUD building constituted Phase I of the Southwest Urban Renewal Project at L'Enfant Plaza. Land to develop Phase II of the project was leased to appellant under a long-term agreement with an option to purchase.

3. *See also* Annot., 12 A.L.R.3d 1265, 1266 (1967). *But compare Barberi v. Bochinsky,* 43 N.J.Super. 186, 128 A.2d 1, 3 (1956).

before the . . . action was instituted. While constructed underground, [the pipe] was clearly visible in certain sections of plaintiffs' property". The claim for damages based upon what was viewed as a readily apparent trespass was properly barred by the statute of limitations.

After an extensive survey of the case law, we conclude that the instant subterranean encroachment was a continuing trespass.[4] *See Milton v. Puffer,* 207 Mass. 416, 93 N.E. 634 (1911); *Curtis Mfg. Co. v. Spencer Wire Co.,* 203 Mass. 448, 89 N.E. 534, 536 (1909); *Blakeslee v. Punnett,* 48 A.D. 641, 368 N.Y.S.2d 216, 217–18 (1975); *509 Sixth Ave. Corp. v. New York City Transit Authority,* 15 N.Y.2d 48, 255 N.Y.S. 2d 89, 92, 203 N.E.2d 486, 488 (1964). "[A]lthough the nature of the structure may be permanent, the nature of the trespass is continuous." *Id.,* 255 N.Y.S.2d at 92, 203 N.E.2d at 488. L'Enfant's knowledge of the trespass for more than three years prior to filing a complaint does not necessarily bar its cause of action.[5] *See 509 Sixth Ave. Corp. v. New York City Transit Authority, supra,* 255 N.Y.S.2d at 91, 203 N.E.2d at 487. *See also* Annot., 12 A.L.R.3d 1265, 1268 (1967). The cause of

action accrued on the date of the trespass and continued until three years after the encroachment had been removed. We further note that L'Enfant's recovery is limited to damages resulting from the trespass during "the [three-year] statutory period preceding the filing of the suit." *Underwater Storage, Inc. v. United States Rubber Co.,* 125 U.S.App.D.C. 297, 300, 371 F.2d 950, 953 (1966).[6] This calculation will allow L'Enfant to recover damages for delay which occurred after June 21, 1971. However, damages experienced prior to June 21, 1971, are barred by the statute of limitations.[7]

We hold that the instant subterranean encroaching structure was a continuing trespass which gave rise to successive causes of action until its removal. *See Wehlau v. Town of Cortlandt,* 48 A.D.2d 901, 369 N.Y.S.2d 497, 498 (1975); *509 Sixth Ave. Corp. v. New York City Transit Authority, supra,* 225 N.Y.S.2d at 92, 203 N.E.2d at 488. *See also* Restatement (Second) of Torts § 161(1), comment b at 289–90 (1965). Accordingly, the trial court's ruling on the motion for summary judgment is reversed and the case is remanded for further proceedings.

*So ordered.*

---

4. *See* Restatement (Second) of Torts § 161 (1) (1965); W. Prosser, Law of Torts § 13 at 74–75 (4th ed. 1971).

5. We find limited authority which is not applicable to the instant case for the proposition that an action for damages to real property may be barred if not brought within three years after acquiring knowledge of the wrong. *See District of Columbia Armory Board v. Volkert,* 131 U.S.App.D.C. 74, 77, 402 F.2d 215, 218 (1968).

6. Since the "trespass is . . . 'continuous', a new cause of action arises day by day . . . with the result that the plaintiff in such a case can always recover for such damages as have accrued within the statutory peri-

od immediately prior to suit." D. Dobbs, Remedies, *supra* at 343.

7. We find it unnecessary to treat the question of damages related to the delay prior to June 21, 1971, which were not ascertainable until completion of construction. The parties have presented the case to us on the thesis that damages were immediately ascertainable for each day of delay. *See, e. g., Stanford v. Tennessee Valley Authority,* 18 F.R.D. 152, 155–56 (M.D.Tenn.1955); *Natural Soda Products Co. v. City of Los Angeles,* 23 Cal.2d 193, 143 P.2d 12, 17–18 (1943); *Argo Oil Co. v. Snouffer,* 175 Okl. 382, 52 P.2d 803, 805–06 (1935). *See also* D. Dobbs, Remedies, *supra* at 336, 343–44.