■ In the Matter of DAVID R. STEYER. In the Matter of RICHARD BURNS.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: In this CPLR article 78 proceeding, petitioners, former sergeants in the Jefferson County Sheriff's Department, seek review of respondent's determination dismissing them for failure to report information concerning crimes committed by two fellow officers, specifically, that those officers had threatened and assaulted a suspect in custody. Petitioners contend, inter alia, that the disciplinary proceeding against them was time barred under the 18-month limitations period of Civil Service Law § 75 (4). We disagree. Petitioners' misconduct constituted a continuing failure to report the crimes from the time they acquired such information in February 1984 until they reported them to superiors in April 1986. The continuous nature of petitioners' misconduct thus prevented the statutory period from running until two months prior to the institution of charges against them in June 1986 (cf., 509 Sixth Ave. Corp. v New York City Tr. Auth., 15 NY2d 48).

We have considered petitioners' other contentions and find them to be without merit. (Article 78 proceeding transferred by order of Supreme Court, Jefferson County, Inglehart, J.) Present—Callahan, J. P., Doerr, Denman, Pine and Davis, JJ.

■ BERT B. LOCKWOOD et al., Appellants, v COMMERCIAL UNION INSURANCE Co., Defendant, and ADJUSTCO, INC., Respondent. (Appeal No. 1.)—Order unanimously affirmed without costs for reasons stated in memorandum decision at Special Term, Lawton, J. (Appeal from order of Supreme Court, Oneida County, Lawton, J.—dismiss complaint.) Present—Callahan, J. P., Doerr, Denman, Pine and Davis, JJ.