JAMES McGOVERN AND ANOTHER v. FEDERAL LAND
BANK OF SAINT PAUL.[1]

February 21, 1941.

No. 32,366.

See 207 Minn. 261, 290 N. W. 575.

*Fraser & Fraser,* for appellants.

*John Thorpe, Michael A. Schmitt,* and *Robert J. Barry,* for respondent.

[1]Reported in 296 N. W. 473.

HOLT, JUSTICE.

In this action by plaintiffs to set aside the foreclosure of a mortgage on their home and have it adjudged usurious, the judgment was entered for defendant from which plaintiffs appeal.

Of the assignments of error, only two are available to plaintiffs, for there is no settled case or bill of exceptions.

The first assignment open to plaintiffs on this record is that the court erred in refusing to vacate the foreclosure because no registry tax was paid upon the mortgage. The admissions in the pleadings and the court's findings show that the tax was not paid; but it also appears therefrom that defendant was organized and operates under the federal farm loan act of congress, approved July 17, 1916 (12 USCA, §§ 636 to 1129); that in making the loan to plaintiffs defendant made it under the act mentioned. Our mortgage registry tax is a revenue measure (1 Mason Minn. St. 1927, § 2323). First State Bank v. Hayden, 121 Minn. 45, 50, 140 N. W. 132. The federal farm loan act, 12 USCA, § 931, made this mortgage immune from state tax. And we think these two decisions of the Supreme Court of the United States conclusively determine the first assignment of error against plaintiff: Federal Land Bank v. Crosland, 261 U. S. 374, 43 S. Ct. 385, 67 L. ed. 703, 29 A. L. R. 1; Pittman v. Home Owners Loan Corp. 308 U. S. 21, 60 S. Ct. 15, 84 L. ed. 11, 124 A. L. R. 1263. The mortgage was duly recorded and entitled to be foreclosed.

The other assignment of error is that the court erred in holding that the provision for interest at a higher rate after default than before did not forfeit all interest. To the answer were attached copies of the promissory note, also of the mortgage, the reamortizing agreement executed by the parties, and all the instruments required by statute for the foreclosure of mortgages by advertisement, together with the date of record of each instrument in the office of the register of deeds of Olmsted county. The court found the allegations of the answer true. It thus appears from the record that on December 7, 1922, plaintiffs obtained a loan of

$5,900 from defendant and agreed to repay the same with five and one-half per cent interest under an amortization plan evidenced by plaintiffs' promissory note, payable in equal semiannual payments of $191.75 each. In 1933, the federal farm loan act was amended so as to permit a reduction of interest to three and one-half per cent. And January 1, 1934, pursuant to such amendment, the parties executed a written agreement stating the amount then unpaid on the debt to be $6,157.96, and reamortized said sum payable in semiannual installments thereafter in the sum of $198.25 each. Default occurred in the condition of the mortgage, and defendant because thereof commenced publication of the notice of foreclosure on March 22, 1937, wherein the amount claimed to be due was stated to be $7,714.81. The federal farm loan act contains this provision: "Every borrower shall pay simple interest on defaulted payments at the rate of 8 per centum per annum," etc. 12 USCA, § 771(9). This mortgage conforms to this provision of the law containing this clause:

"If the said parties of the first part shall have failed to make payment of one of the aforesaid installments on the day it falls due, then the said defaulted payment, and each succeeding defaulted payment, shall bear simple interest at the rate of eight per centum per annum, until paid."

There is the same provision as to default in the payment of taxes, assessments, and insurance premiums, and increased rate of interest thereon after payment by defendant, all according to the provisions of the act. It may be conceded that the provision quoted from the mortgage violates 2 Mason Minn. St. 1927, § 7036, if it applies. Allen v. Cooling, 161 Minn. 10, 200 N. W. 849. Usury is determined by the statutory provisions applicable to the transaction. This mortgage and loan are governed by the act of congress, to which our statutes and decisions must yield. In Smith v. Kansas City T. & T. Co. 255 U. S. 180, 41 S. Ct. 243, 65 L. ed. 577, the federal farm loan act was held constitutional. It is therefore clear beyond dispute that when this mortgage contains

the very language of the act requiring a higher rate of interest after default than before, there is nothing unlawful or usurious about such higher interest. Such is the ruling in respect to usury or unlawful interest exacted by the national banks operating under acts of congress. Schuyler Nat. Bank v. Gadsden, 191 U. S. 451, 24 S. Ct. 129, 48 L. ed. 258; McCollum v. Hamilton Nat. Bank, 303 U. S. 245, 58 S. Ct. 568, 82 L. ed. 819. State courts are in accord. Federal Land Bank v. Shingler, 174 Ga. 352, 162 S. E. 815; Federal Land Bank v. Statelen, 191 Wash. 155, 70 P. (2d) 1053.

Another assignment of error is that the court erred in not finding that the amount stated to be due in the published notice of foreclosure was grossly excessive. This assignment is not open to consideration because of the absence of a settled case or bill of exceptions. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 344, under note 87; Wright v. Avenson, 178 Minn. 415, 227 N. W. 357. Plaintiffs' counsel thinks that it can be ascertained from the admissions in the pleadings and the findings that $7,714.81, the amount stated in the published notice of foreclosure to be due, is not correct. There is nothing in the pleadings or findings of fact from which any inference can be drawn that the amount stated to be due in the foreclosure notice was excessive. There are some statements in the memorandum of the court appended to the findings, in respect to an item of $387.69, but nothing from which the conclusion could be drawn that the statement of amount due in the published notice was by that much overstated. The memorandum of the court may be resorted to in order to sustain findings, but may not be used to overturn them.

The appeal here is from the judgment rendered May 10, 1939. The order refusing to settle a case thereafter made cannot be reviewed on this appeal. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 389, note 32.

The judgment is affirmed.