UNION STATE BANK, a corporation,
Plaintiff and Appellee,

v.

Eldor MILLER and Ida Miller, individually, and doing business as Nature's Trust and Freedom Farm, Defendants and Appellants.

Civ. No. 10413.

Supreme Court of North Dakota.

June 30, 1983.

Richardson, Blaisdell, Isakson & Lange, Hazen, for plaintiff and appellee; argued by Charles R. Isakson, Hazen.

Eldor Miller, Hazen, pro se.

PEDERSON, Justice.

This is an appeal by Eldor and Ida Miller from a judgment granting Union State Bank's motion for summary judgment. We affirm.

In 1981 the Millers signed two promissory notes with the Union State Bank in Hazen, North Dakota. The notes refinanced several of the Millers' outstanding loans. The first promissory note was due November 11, 1981 and the second was due February 2, 1982. The Millers made periodic payments on the notes but failed to pay the balance of the notes when due.

After making several demands for payment, Union State Bank began foreclosure proceedings. The Millers answered the Bank's complaint and counterclaimed asserting that Union State Bank did not loan them "lawful money" and therefore they did not receive any "value." The Millers also alleged breach of contract and that the Bank "defrauded the defendants."

Union State Bank moved for summary judgment pursuant to Rule 56, NDRCivP. The Millers moved to quash the motion and requested that the court take oral testimony of Union State Bank officials at the pretrial conference. The Millers contended that the oral testimony would reveal material issues of fact, enabling them to proceed to trial.

Upon considering the Millers' request, the court noted that Rule 56, NDRCivP does not provide for oral testimony on a motion for summary judgment. The court concluded that because no genuine issues of material fact existed, Union State Bank was enti-

tled to summary judgment as a matter of law. The Millers appealed.

Summary judgment is proper when there are no genuine issues as to any material facts or when there is only a question of law. Rule 56(c), NDRCivP. *Sheets v. Letnes, Marshall & Fiedler, Ltd.,* 311 N.W.2d 175, 180 (N.D.1981). Because Union State Bank moved for summary judgment and supported its motion with documents and affidavits in the record, it was the Millers' responsibility to "set forth specific facts showing that there is a genuine issue for trial." *Midwest Federal Savings and Loan Association of Minot v. Kouba,* 335 N.W.2d 780, 784 (N.D.1983) quoting *Herman v. Magnuson,* 277 N.W.2d 445, 454–55 (N.D.1979).

The record contains the promissory notes that were executed by the Millers as well as the security agreements pledging the Millers' property as security for the notes. Affidavits undenied in the record establish that the Millers did not pay the balance on the notes when due. After reviewing the entire record, we conclude that no genuine issues of material fact exist. The issues raised by the Millers are questions of law and, as such, do not prevent the entry of summary judgment and are fully reviewable on appeal. *E.E.E., Inc. v. Hanson,* 318 N.W.2d 101, 104, n. 3 (N.D.1982).

The Millers argue that the court violated their constitutional rights by denying their request for a jury trial. The right of trial by jury is preserved in Article 7 of the Amendments to the United States Constitution. Article I, Section 13 of the Constitution of the State of North Dakota provides, in part, that "[t]he right of trial by jury shall be secured to all, and remain inviolate." This provision does not enlarge the right to a jury trial, rather, it "preserves . . . [the right] as it existed at the time of the adoption of our constitution." *In Re R.Y.,* 189 N.W.2d 644, 651 (N.D.1971); *Martian v. Martian,* 328 N.W.2d 844, 845 (N.D. 1983). See also Rule 38, NDRCivP.

Historically, actions equitable in nature were triable to the court and did not

entitle the party to a jury. See *Northwestern Bell Tel. Co. v. Cowger,* 303 N.W.2d 791, 794 (N.D.1981). Thus, as we recently noted, when a court determines if a party is entitled to a jury trial, the distinction between an action at law and an action in equity is important. *Midwest Federal Savings and Loan Association of Minot v. Kouba, supra; Northwestern Bell Tel. Co. v. Cowger, supra.* The foreclosure of a lien is an equitable action triable to the court without a jury. *C.I.T. Corporation v. Hetland,* 143 N.W.2d 94, 101 (N.D.1966); *Superior Products v. Merucci Bros., Inc.,* 107 Mich.App. 153, 160, 309 N.W.2d 188, 191 (1981). The foreclosure of a mortgage is also an equitable proceeding. *Kouba, supra,* 335 N.W.2d at 785. Thus, because there is no absolute right to a jury trial in equitable actions, the court did not err by denying the Millers' request for trial by jury.

The Millers further argue that they were not loaned "lawful money," which they contend consists solely of gold and silver. The Millers apparently contend that the loan violates Article 1, Section 10 of the federal constitution, which provides: "No state shall ... make anything but gold and silver coin a tender in payment of debts . . . ."

As the Supreme Court of South Dakota recently noted, "[a]lthough art. 1, § 10 constitutes a limitation on the power of the states, the constitution does not limit Congress' power to declare what shall be legal tender for all debts." *City of Colton v. Corbly,* 323 N.W.2d 138, 139 (S.D.1982) citing *Julliard v. Greenman,* 110 U.S. 421, 4 S.Ct. 122, 28 L.Ed. 204 (1884). Because Congress has declared that federal reserve notes constitute legal tender for all debts, 31 U.S.C. § 392 (1976), we conclude that the Millers' argument is without merit. See *Kouba, supra,* 335 N.W.2d at 785; see also *City of Colton v. Corbly, supra,* 323 N.W.2d at 139, and the cases cited therein.

The Millers finally argue that the promissory notes were admitted into evidence in violation of Rule 901, NDREv, which requires authentication or identification of evidence before it is received into evidence. The court did not require oral testimony to authenticate the notes. Because of this, the Millers argue that the Bank "has no proof of default on [the] mortgage and has no case for summary judgment." This argument is without merit. Rules 902(8) and 902(9), NDREv state that acknowledged documents and commercial paper do not require extrinsic evidence of authenticity before admission. See also *Kouba, supra,* 335 N.W.2d at 785. Thus, the court correctly applied Rules 901 and 902 when it considered the promissory notes for the purpose of ruling on the motion for summary judgment.

The remaining arguments raised by the Millers are without merit. Because there is no factual dispute and the Millers cannot prevail on any of the questions of law, the judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, SAND and PAULSON, JJ., concur.