FEDERAL LAND BANK OF ST. PAUL, a body corporate, Plaintiff and Appellee,

v.

Peter F. BOSCH, Defendant and Appellant,

and

Magdalina Bosch, a/k/a Magdalena Bosch, a/k/a Magdaline Bosch, Defendant.

Civ. No. 870342.

Supreme Court of North Dakota.

Dec. 6, 1988.

Tschider & Smith, 418 E. Rosser, Bismarck, for plaintiff and appellee; argued by Sean O. Smith.

Kelsch, Kelsch, Ruff & Austin, Mandan, for defendant and appellant; argued by William C. Kelsch.

LEVINE, Justice.

Peter F. Bosch appeals from a district court judgment granting the Federal Land Bank of St. Paul (the Bank) a foreclosure of its mortgage on Bosch's farmland. We reverse.

On February 5, 1982, Bosch borrowed $110,000 from the Bank, and as security for that loan gave the Bank a mortgage on his farmland and buildings. Bosch failed to pay the February 1986 installment on the loan and also failed to pay the 1985 and 1986 real estate taxes on the mortgaged property. On May 14, 1986, the Bank rejected Bosch's application for restructuring the loan. The Bank determined that Bosch was not qualified for continued relief under its forbearance policy, because it did not appear that Bosch would be capable of managing his debt burden. On July 25, 1986, the Bank commenced this foreclosure action. Judgment of foreclosure was entered on September 23, 1987, from which Bosch appealed.

On appeal Bosch first asserts that the trial court erred in construing Section 28–29–05, N.D.C.C., and in denying Bosch's request for relief under that provision.

Section 28–29–05, N.D.C.C., provides discretionary authority to delay foreclosure when continuation of foreclosure proceedings would be unconscionable:

*"28–29–05. Courts may delay orders in foreclosures.*—Whenever any foreclosure proceeding is pending in any court in this state and the amount of the debt is less than the value of the property involved, and when any order for judgment will have the force and effect of depriving a defendant of his home and confiscating his property, the court may construe further proceedings to be unconscionable, and may delay the signing of such order to such time as it shall deem it advisable and just to enter the same."

In denying Bosch's request for relief under this provision the trial court made the following two relevant findings of fact:

"XV.

"The evidence submitted at trial to this Court establishes that the fair market value of the real property owned by the defendant Peter F. Bosch, subject to the mortgage lien of plaintiff, is One Hundred Fifty-six Thousand Dollars ($156,-000.00), which exceeds the mortgage indebtedness due plaintiff from the defendant Peter F. Bosch as of June 30, 1987, by Nine Thousand Four Hundred Dollars ($9,400.00).

"XVI.

"The evidence presented to this Court establishes that the interest continues to accrue on the outstanding mortgage indebtedness at the rate of $51.16445 per day, from and after June 30, 1987. Without this Court considering the delinquent and past due real estate taxes assessed against the subject real property for the years 1985 and 1986, the debt at the end of 184 days from the date of trial will exceed the value of the defendant's property. The indebtedness which will be due and owing to plaintiff from defendant Peter F. Bosch based upon the subject mortgage at the end of the statutory one (1) year period of redemption will substantially exceed the value of the defendant's real property. Based upon the factual findings of this Court concerning the fair market value of the subject real property and concerning the mortgage indebtedness which continues to increase daily with the accrual of interest, the Court does not construe further proceedings in this foreclosure action to be unconscionable."

Bosch argues that the trial court was required to determine whether Bosch's debt was less than the value of the mortgaged property as of the trial date and that the trial court misconstrued Section 28–29–

05, N.D.C.C., when it took into consideration the accrual of interest during the one-year redemption period. We do not believe that the trial court misconstrued the provision or that it abused its discretion in applying it to this case.

After determining that the amount of the debt did not exceed the fair market value of the mortgaged property at the time of trial, the trial court proceeded to determine whether continuation of the foreclosure without delay would be unconscionable. In making this discretionary decision the court found that the debt would substantially exceed the value of the property at the end of the one-year redemption period while noting that in addition to this the real estate taxes were also unpaid for 1985 and 1986. Based upon those findings, the trial court concluded that continuation of the foreclosure proceedings without delay would not be unconscionable. We find no error in the trial court's application of Section 28–29–05, N.D.C.C., to this case.

Bosch's mortgage with the Bank provided for a variable rate of interest beginning at 12.5%. The mortgage provided that upon default the interest rate would increase by 2% "on all defaulted payments, both of principal and of interest." On appeal Bosch asserts that the Bank did not have authority under federal law to charge interest at a higher rate after default or to charge interest on interest.

Both parties agree that federal and not state law applies. Consequently, state law prohibiting the charging of a higher rate of interest after default, Section 47–14–05, N.D.C.C., and state law prohibiting the compounding of interest, Section 47–14–09, N.D.C.C., are not applicable.

▮ The relevant federal legislation is 12 U.S.C. § 2015, which provides in relevant part:

"Loans made by a Federal land bank shall bear interest at a rate or rates, and on such terms and conditions, as may be determined by the board of directors of the bank from time to time."

Farm credit administration regulation 12 C.F.R. § 614.4290 is also relevant:

"Provisions may be made in the approved interest rate programs of banks and production credit associations for the collection of interest at a higher rate after maturity of a loan or installment if provision is made in the note or loan document."

Bosch asserts that the foregoing administrative regulation goes beyond the Bank's authority to set interest rates under 12 U.S.C. § 2015. We disagree.

Prior to the current federal legislation, which gives a broad authority to the federal land banks in setting interest rates and loan terms and conditions, federal law expressly provided that a borrower would be required to pay a higher rate of interest after default. *See McGovern v. Federal Land Bank of St. Paul,* 209 Minn. 403, 296 N.W. 473 (1941).

Current federal law gives the Bank broad authority to set interest rates as well as the terms and conditions relevant thereto. Bosch has set forth no authority or legislative history to indicate that Congress, in enacting the current legislation, intended to prohibit the charging of a higher rate of interest after default on defaulted principal and interest payments. The federal statute does not contain express language that prohibits the compounding of interest or the charging of a higher rate of interest after default. We are not persuaded by Bosch's argument in this case that the administrative regulation or the mortgage terms at issue are invalid or that they are not in accord with the Bank's rate-setting authority under federal law.

Bosch also asserts on appeal that the Bank failed to comply with federal regulation, 12 C.F.R. § 614.4513(b), because in considering forbearance on Bosch's loan the Bank did not consider the possibility of reducing the principal or interest due on the loan. This federal regulation, which became effective on October 28, 1986, provides in relevant part:

"(b) For purposes of this section, the term 'forbearance' means a voluntary re-

fraining by a System institution from the enforcement of the terms of any loan document relating to a borrower's obligation to make any payment of principal or interest or comply with any other provision of such document, or the exercise by the institution of its rights under those documents or applicable law with respect to the loan. *The types of forbearance actions available to an institution include* the deferral or rescheduling of the payment of principal or interest, the renewal or extension of the terms of a loan, *a reduction in the amount or rate of principal or interest due on a loan* and other similar actions." (Emphasis added.)

The Bank concedes that it did not consider a reduction of principal or interest as an available forbearance action. It asserts that it was not required to do so, because the Bank's forbearance considerations and the filing of this foreclosure action occurred prior to the effective date of the regulation. The Bank claims that Bosch was given all consideration to which he was entitled under the forbearance policy in effect during the spring of 1986 when Bosch's loan was reviewed for that purpose.

▆ An action to foreclose a mortgage is an equitable proceeding. *Union State Bank v. Miller,* 335 N.W.2d 807 (N.D.) *cert. denied,* 464 U.S. 1019, 104 S.Ct. 554, 78 L.Ed.2d 727 (1983). In *Federal Land Bank of St. Paul v. Overboe,* 404 N.W.2d 445 (N.D.1987), we held that a federal land bank's failure to comply with an administrative forbearance regulation gives rise to a valid equitable defense to a foreclosure action under state law. We stated that when a forbearance defense has been raised the trial court should determine whether the lending institution considered the borrower's qualifications for forbearance in accordance with its written policy on forbearance. The trial court in this case found that the Bank did properly consider Bosch's qualifications for relief under the Bank's written forbearance policy "then in

effect." By that finding, and its approval of the Bank's denial of forbearance relief, the trial court, in effect, also determined that the October 28, 1986 regulation was not applicable and that Bosch was not entitled to reconsideration of his forbearance request under the new regulation. It is in this determination that we conclude the trial court erred.

The same types of forbearance actions made available to lending institutions as of October 28, 1986 under 12 C.F.R. § 614.4513(b), were incorporated in the Agricultural Credit Act of 1987, effective January 6, 1988. By enacting that legislation, Congress clearly demonstrated its concern about lenders of the Farm Credit System foreclosing on delinquent farm loans without first giving adequate consideration to potential forbearance or restructuring of the loans, including the possibility of monetary concessions. The Act provides that when a system lender determines that a loan is or has become distressed, the lender must provide written notice to the borrower that the loan may be suitable for restructuring. 12 U.S.C. § 2202a(b)(1). If the lender determines that the potential cost of restructuring the loan is less than or equal to the potential cost of foreclosure, the lender must restructure the loan. 12 U.S.C. § 2202a(e)(1). The Act further provides that no lender may foreclose or continue any foreclosure proceeding with respect to any distressed loan before the lender has completed any pending consideration of the loan for restructuring. 12 U.S.C. § 2202a(b)(3).

In *Harper v. Federal Land Bank of Spokane,* 692 F.Supp. 1244 (Dist.Or.1988), the court concluded that the forbearance or restructuring provisions of the Agricultural Credit Act of 1987 were applicable where a judgment of foreclosure had been entered prior to the Act's effective date but the sheriff's sale of the property had not yet occurred. The court held that the federal land bank was enjoined from evicting the borrowers until consideration of restructuring the loan under the Act had

been given and further held that if restructuring was appropriate the parties would be placed in *"status quo ante"* as though the foreclosure had not occurred.

In *Harper* the court applied the Act even though it became effective after a judgment of foreclosure had been entered in the case. *Harper's* application of the Act in that situation effectively addressed the concern by Congress that lending institutions under the Farm Credit System had not been paying serious homage to administrative forbearance alternatives to loan foreclosure. In this case the effective date of the regulation occurred prior to entry of the judgment of foreclosure. The Bank had ample opportunity to reconsider Bosch's request for forbearance relief utilizing the new regulation's broader forbearance actions, but it failed to do so.

12 C.F.R. § 614.4513(b) is remedial in nature. As such it should be given liberal interpretation and application to effectuate its purpose and to promote justice. *See Folmer v. State*, 346 N.W.2d 731 (N.D. 1984). With that in mind, and in furtherance of Congress' goal of providing serious forbearance consideration, we hold that the regulation is applicable to mortgages which were pending foreclosure on its effective date. Consequently, Bosch was entitled to reconsideration of his loan for forbearance action under that regulation, including the possibility of the reduction in the amount or rate of principal or interest due on the loan. Not having received that reconsideration, Bosch is entitled to a reversal of the foreclosure.

On October 28, 1986, the Farm Credit Administration adopted federal regulation 12 C.F.R. § 614.4367 requiring disclosure to each of its borrowers, within 90 days of the effective date of the regulation, of the current interest rate on the borrower's loan, the amount and frequency by which the interest rate can be adjusted during the term of the loan, and other specified interest rate information. The Bank did not furnish this information to Bosch, because it had commenced foreclosure proceedings on the loan prior to the effective date of the regulation. Bosch asserts that he was entitled to receive the disclosure even though foreclosure proceedings were pending on his loan.

We agree with Bosch's assertion that the regulation requires disclosure to each borrower and does not make an exception for loans pending foreclosure. Consequently, we conclude that Bosch was entitled to receive the disclosure. In view of our reversal and remand for the Bank's reconsideration of Bosch's forbearance application it is unnecessary to determine if the failure to provide the required disclosure under 12 C.F.R. § 614.4367 would, by itself, require reversal of the foreclosure. On remand Bosch should be given the appropriate information as required by the regulation.

In accordance with this opinion the district court judgment is reversed.

ERICKSTAD, C.J., and MESCHKE and GIERKE, JJ., concur.

VANDE WALLE, Justice, concurring specially.

If we were to apply the harmless-error standard of Rule 61, N.D.R.Civ.P., to this case I believe we would necessarily have to affirm the judgment of the district court. Rule 61 specifies that "no error or defect ... in anything done or omitted ... by any of the parties is ground for vacating, modifying or otherwise disturbing a judgment ... unless refusal to take such action appears to the court inconsistent with substantial justice." The rule further admonishes that "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

Although I concur with the majority opinion that the Bank should have considered the possibility of reduction of principal or interest as an available forbearance action, it is obvious to me that if such consideration had been given the result would have been no different in this case.

Forbearance in the form of concessions does not require forgiveness of the entire debt. Rather, 12 C.F.R. § 614.4513(a) provides in part:

"Each System institution has an obligation to its borrowers, stockholders, and investors in System debt obligations to collect all debts owed to the institution. In pursuit of that obligation, *when a borrower is encountering financial difficulties the institution should consider alternative actions that will increase the likelihood of the borrower's being able to repay the debt in an orderly fashion* or that will improve the ability of the institution to collect the indebtedness." [Emphasis supplied.]

The very reasons which lead the majority to conclude that the trial court's decision to not delay the foreclosure under State law, i.e., Section 28–29–05, N.D.C.C., also support a decision by the Federal Land Bank to deny forbearance or restructuring of the loans, including the possibility of monetary concessions. In the words of the majority opinion:

"In making this discretionary decision the court found that the debt would substantially exceed the value of the property at the end of the one-year redemption period while noting that in addition to this the real estate taxes were also unpaid for 1985 and 1986. Based upon those findings, the trial court concluded that continuation of the foreclosure proceedings without delay would not be unconscionable. We find no error in the trial court's application of Section 28–29–05, N.D.C.C., to this case."

It is thus readily apparent that had the Federal Land Bank considered but rejected the reduction of principal or interest in this particular case, for the reason that it would not "increase the likelihood of the borrower's being able to repay the debt in orderly fashion," such action would have been nearly identical to the trial court's decision to not delay foreclosure under Section 28–29–05, an action the majority finds to be without error and with which I agree. Because of the size of the debt and value of the property I doubt that consideration of reducing the principal or interest due on the loan would have produced any different result in this case. I nevertheless concur with the majority opinion that such consideration is required. Protection of the "family farm" has always had a special status in the debtor laws of this State. Before that farm may be taken I agree that every legally required consideration to retaining ownership in the debtor must be specifically examined by the lender and appear of record.