**FARM CREDIT BANK OF SPOKANE, a corporation, successor by merger to The Federal Land Bank of Spokane, Plaintiff,**

v.

**Rupert E. PARSONS and Mary Jean Parsons, husband and wife; United States of America, acting through the Farmers Home Administration; Stockmens Bank; and Stephen B. Parsons, Defendants.**

**No. CV–89–048–GF.**

United States District Court, D. Montana, Great Falls Division.

Jan. 12, 1990.

Gregory J. Hatley, Cure, Borer & Davis, Great Falls, Mont., for Farm Credit Bank of Spokane.

Carl E. Rostad, Great Falls, Mont., for U.S.

Robert P. Goff, Church, Harris, Johnson & Williams, Great Falls, Mont., for Rupert E., Mary Jean and Stephen B. Parsons.

## MEMORANDUM AND ORDER

HATFIELD, Chief Judge.

On July 14, 1989, this court entered a memorandum and order in the above-enti-

tled action, granting the Farm Credit Bank of Spokane's ("FCBS") motion to strike certain affirmative defenses raised by defendants, Rupert E. Parsons, Mary Jean Parsons and Stephen B. Parsons. Because no defendant filed timely opposition to the motion, the court noted it would reconsider the propriety of the order upon proper motion by the defendants. Presently before the court is defendants' motion requesting the court to vacate its July 14, 1989, order, or, in the alternative, to reconsider its decision. Having reviewed the parties' briefs in support of their respective positions, the court deems it appropriate to GRANT defendants' motion and reconsider the propriety of plaintiff's motion to strike the affirmative defenses advanced by the Parsons; defenses predicated upon the Agricultural Credit Act of 1987 and the Farm Credit Act of 1971, as amended in 1985 and 1986.[1]

The Ninth Circuit Court of Appeals, in *Harper v. Federal Land Bank of Spokane*, 878 F.2d 1172 (9th Cir.1989), recognized that a borrower may, in some states, allege the failure to afford restructuring rights available under federal law, as an affirmative defense to foreclosure. *Harper, supra*, 878 F.2d at 1177, *citing, Federal Land Bank of St. Paul v. Bosch*, 432 N.W.2d 855, 858–59 (N.D.1988); *Federal Land Bank of St. Paul v. Overboe*, 404 N.W.2d 445, 449 (N.D.1987). The Parsons assert the FCBS's non-compliance with the restructuring and forbearance regulations as defenses (collectively referred to as "forbearance defense") to the FCBS's complaint for foreclosure. Contrary to the assertion of the FCBS, the court is of the opinion this defense is available in Montana.[2]

The FCBS does not specifically discuss the state of Montana law as it bears upon the issue of whether the failure to afford restructuring rights is an affirmative defense to foreclosure. Rather, the FCBS implores the court to reject the rationale adopted by the North Dakota Supreme Court in *Overboe* and *Bosch,* suggesting the position adopted by the North Dakota Supreme Court represents a judicial fiat whereby the judiciary would be placed in the position of substituting its opinion for the substantive business decision of the FCBS. The courts are without authority, the FCBS submits, to apply an administrative law standard of judicial review to the decisions rendered by the FCBS regarding forbearance of loans. The FCBS suggests the rationale underlying *Overboe* and *Bosch* has, in essence, been universally rejected by the courts. However, the principal decision relied upon by the FCBS in support of this assertion, *i.e., Miller v. Federal Land Bank of Spokane*, 587 F.2d 415 (9th Cir.1978); *cert. denied*, 441 U.S. 962, 99 S.Ct. 2407, 60 L.Ed.2d 1067 (1979) (action at law challenging, *inter alia*, federal land bank's policy regarding disposition of proceeds from partial conveyances of mortgaged land) is factually inapposite. Contrary to the assertion of the FCBS, *Overboe* and *Bosch* do not sanction judicial review of the substantive business judgments of the FCBS. Rather, as the court in *Overboe* expressly stated:

> [A]dopting non-compliance with the forbearance regulation as a valid defense to a foreclosure action is not synonymous with allowing a foreclosure court to substitute its judgment for that of the [Federal Land Bank's] loan officers. We recognize that courts have neither the training nor the experience of bank loan officers in making loan servicing decisions. *C.f., Federal Lank Bank of Wichita v. Read*, 237 Kan. 751, 703 P.2d 777, 780 (1985). Therefore we believe a court's

---

**1.** The Parsons rely upon (1) the "restructuring" process established by the Agricultural Credit Act of 1987, codified specifically at 12 U.S.C. § 2202a, and the regulations promulgated thereunder, 12 C.F.R. Part 614; and (2) the policy of forbearance established by the Farm Credit Act of 1971 as amended, codified specifically at 12 U.S.C. § 2199, and the regulations promulgated thereunder, 12 C.F.R. Part 614.

**2.** The law of Montana is determinative of the viability of the defense of forbearance asserted by the Parsons. Under the doctrine of *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the legal sufficiency of the defense is determined by state law. The *Harper* decision implicitly acknowledges this point.

inquiry should be limited in scope.... [When the forbearance defense has been raised by a borrower in a foreclosure action ...] the court's function is not to factually determine whether the bank reached a correct or incorrect conclusion on the borrower's qualifications for forbearance relief, but is to determine only whether the borrower's qualifications for relief were considered by the bank at all. 404 N.W.2d at 449–450.

■ An action to foreclose a mortgage is an action in equity. *Citizens State Bank v. Duus*, 154 Mont. 18, 459 P.2d 696 (1969); *Moore v. Capital Gas Corp.*, 117 Mont. 148, 158 P.2d 302 (1945). Cognizant of the fact the Montana Supreme Court has not addressed the specific issue of whether the forbearance defense recognized in *Overboe* would constitute a legitimate affirmative defense to an action for foreclosure in Montana, the court must necessarily assess the general rules developed in Montana regarding equity jurisdiction in an attempt to prognosticate whether the Montana Supreme Court would recognize the viability of the forbearance defense in a foreclosure action.

Montana recognizes the general maxim that courts of equity are governed by flexible, not cast-iron, rules which call upon the courts of equity to adapt themselves to the exigencies of the particular case. *See, Dutton v. Rocky Mountain Phosphates*, 151 Mont. 54, 438 P.2d 674 (1968). Consequently, when the jurisdiction of a court in equity is invoked for an equitable purpose, the court will properly proceed to determine any other equities existing between the parties in an effort to grant all relief necessary to adjust the controversy between the parties; an undertaking designed to do complete justice. *See, Tiffany v. Uhde*, 123 Mont. 507, 216 P.2d 375 (1950); *Hames v. City of Polson*, 123 Mont. 469, 215 P.2d 950 (1950). These principles, well established in Montana, provide this court with a sufficient basis upon which to conclude the failure of the FCBS to comply with the restructuring and forbearance statutes, regulations and policies governing the activities of that entity would constitute a valid defense to a foreclosure action under Montana law. The FCBS fails to present a cogent argument to the contrary.

The legal sufficiency of the forbearance defense aside, the FCBS asserts the Parsons' affirmative defense is without factual basis and should be stricken, pursuant to Fed.R.Civ.P. 12(f). Specifically, the FCBS maintains the record clearly establishes it complied with the requisite procedure in deciding to foreclose the subject mortgage and, consequently, the Parsons were afforded all of their procedural rights under the Farm Credit legislation, rules, regulations and policies.

■ In response to the Parsons' motion for reconsideration and in support of its motion to strike, the FCBS has filed numerous documents, together with the affidavit of Randy King, one of its loan officers. Upon review, the court concludes the FCBS' motion is properly treated as a motion for summary judgment under Fed.R. Civ.P. 56, matters outside the pleadings having been submitted in support thereof.[3] Accordingly, the court will dispose of said motion pursuant to Fed.R.Civ.P. 56.[4] The evidence establishes, in this court's opinion, the FCBS' compliance with the substantive

---

3. The court notes that during the interim between submission of the motions *sub judice* and disposition of those motions, the FCBS filed a motion for summary judgment. The motion assumes the unavailability of the forbearance defense. In view of the present disposition, the court deems it appropriate to DENY the FCBS's motion for summary judgment dated January 4, 1990, as the issues raised therein are subsumed in the motion presently before the court.

4. An insufficient defense is properly attacked by way of a motion to strike under Fed.R.Civ.P. 12(f). A motion to strike a defense, however, will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear. *See*, 2A MOORE'S FEDERAL PRACTICE ¶ 12.21[3]; *William Z. Salcer, etc. v. Envicon Equities Corp.*, 744 F.2d 935 (2nd Cir.1984). While pleaded facts must be accepted as true for purposes of a motion to strike, matters outside the pleadings are not properly considered in support of the motion. 2A MOORE'S FEDERAL PRACTICE ¶ 12.21[3]. *See, e.g., Chiropractic Cooperative Assn. of Michigan v. American Medical Assn.*, 617 F.Supp. 264 (E.D.Mich.1985). Predicating its challenge to the affirmative defense upon a factual basis, and supporting its position with matters outside the pleadings, the

statutory requirements as a pre-condition to instituting the present foreclosure action and, therefore, is sufficient to meet the FCBS' burden under Fed.R.Civ.P. 56(c).[5]

█ Once the moving party's burden is met, the burden of proof shifts to the opposing party to demonstrate the existence of a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Turner v. International Brotherhood of Teamsters*, 604 F.2d 1219, 1228 (9th Cir.1979). Under Fed.R.Civ.P. 56(e), a party opposing a motion for summary judgment "may not rest upon the mere allegations ... of his pleading," but must, by affidavit or otherwise, "set forth specific facts showing that there is a genuine issue for trial." *Turner v. International Brotherhood of Teamsters, supra,* 604 F.2d at 1228. Furthermore, legal memoranda, in the summary judgment context, are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *Smith v. Mack Trucks, Inc.,* 505 F.2d 1248, 1249 (9th Cir.1974), *citing, James v. The H.M.S. Port Littleton Port Line Ltd.,* 51 F.R.D. 216, 218 (E.D.Penn. 1971). Consequently, the burden is upon the Parsons to present specific facts which establish the existence of a genuine issue of material fact for trial. The Parsons, however, must obviously be afforded an opportunity to respond to the plaintiff's summary judgment motion.

█ The necessity of Fed.R.Civ.P. 56 that the Parsons rebut the FCBS's showing places in issue the propriety of the Parsons' request for an order compelling the FCBS to respond to certain discovery requests. The disputed requests seek: (1) production of documents relating to the transactions between the Parsons and the FCBS, and (2) detailed information regarding the substantive factors considered by the FCBS in reaching its decision to fore-

close upon the Parsons' mortgage. The information sought by the disputed requests is the proper subject of discovery since it bears upon the issues placed in dispute by the affirmative defense raised by the Parsons. Therefore,

IT IS HEREBY ORDERED that the defendants' motion to compel is GRANTED. The plaintiff shall serve appropriate responses within thirty (30) days of the date hereof.

IT IS FURTHER ORDERED that the defendants shall, on or before March 1, 1990, file a response to the plaintiff's motion for summary judgment. The plaintiff may reply within ten (10) days thereafter.

Finally, IT IS ORDERED that upon disposition of the motion at issue, the court shall, if necessary, enter an appropriate scheduling order to guide further pretrial proceedings.

█

FCBS has, in effect, transformed its motion to strike into a motion for partial summary judgment under Fed.R.Civ.P. 56.

5. The party moving for summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *See, e.g., Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *California Pacific Bank v. Small Business Administration,* 557 F.2d 218, 220 (9th Cir.1977). In meeting that burden, the moving party may rely on the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, to show there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c).