**FARM CREDIT BANK OF SPOKANE, a corporation, successor by merger to the Federal Land Bank of Spokane, Plaintiff,**

v.

**Nels O. NILSEN and Nelone O. Nilsen, husband and wife; and United States of America, acting through the Farmers Home Administration, Defendants.**

No. CV–89–051–GF.

United States District Court,
D. Montana,
Great Falls Division.

Feb. 6, 1990.

■■■■■

---

John R. Paul, Alexander, Baucus & Linnell, P.C., Great Falls, Mont., for plaintiff.

Carl E. Rostad, Asst. U.S. Atty. and George McCabe, Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for defendants.

## MEMORANDUM AND ORDER

HATFIELD, Chief Judge.

Plaintiff, Farm Credit Bank of Spokane, instituted the present action seeking to foreclose upon a mortgage that entity holds on real property owned by the defendant, Nels O. Nilsen. The subject mortgage secures a promissory note executed by Nels Nilsen and his wife, Nelone, in favor of the Federal Land Bank of Spokane, predecessor in interest to the plaintiff in this action, Farm Credit Bank of Spokane. The matter is before the court on motion of the Farm Credit Bank of Spokane requesting the court to enter summary judgment in that entity's favor pursuant to Fed.R.Civ.P. 56. The Farm Credit Bank of Spokane has made a showing, based upon affidavit and other admissible documentary evidence, sufficient to establish that entity's entitlement to summary judgment. Accordingly, the court turns to assess whether the Nilsens, as the opposing party, has presented evidence sufficient to rebut the showing of the Farm Credit Bank of Spokane.[1]

In response to the motion for summary judgment, the Nilsens assert there exists a genuine issue of material fact as to whether the Farm Credit Bank of Spokane ful-

---

1. The party moving for summary judgment, pursuant to Fed.R.Civ.P. 56, bears the initial burden of proving that no genuine issue of material fact exists. *See, e.g., Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *California Pacific Bank v. Small Business Administration,* 557 F.2d 218, 220 (9th Cir.1977). In meeting that burden, the moving party may rely on the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, to show there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Once the moving party's burden is met, the burden of proof shifts to the opposing party to demonstrate the existence of a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Turner v. International Brotherhood of Teamsters,* 604 F.2d 1219, 1228 (9th Cir.1979). The party opposing a motion for summary judgment "may not rest upon the mere allegations ... of his pleading," but must, by affidavit or otherwise, "set forth specific facts showing that there is a genuine issue for trial." *Turner v. International Brotherhood of Teamsters, supra,* 604 F.2d at 1228. The issue must be one raising a factual dispute that will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

filled all of the requirements of the Agricultural Credit Act of 1987, codified specifically at 12 U.S.C. § 2202a, and the regulations promulgated thereunder, 12 C.F.R. part 614, prior to seeking foreclosure. Specifically, the Nilsens assert the Farm Credit Bank of Spokane used an incorrect and inaccurate method of appraisal in assessing the value of the subject property. The inaccuracy of the appraisal, the Nilsens submit, resulted in the erroneous conclusion the Farm Credit Bank of Spokane would realize more recovery by foreclosing on the subject land as opposed to restructuring the Nilsens' debt. The Nilsens impress upon the court the prescriptions of the Farm Credit Act dictate the Farm Credit Bank of Spokane be precluded from proceeding with foreclosure until it has assessed its position based upon an accurate valuation of the subject property.

The Ninth Circuit Court of Appeals, in *Harper v. Federal Land Bank of Spokane*, 878 F.2d 1172 (9th Cir.1989), recognized that a borrower may, in some states, allege the failure to afford restructuring rights available under federal law, as an affirmative defense to foreclosure. 878 F.2d at 1177, *citing, Federal Land Bank of St. Paul v. Bosch*, 432 N.W.2d 855, 858–59 (N.D.1988); *Federal Land Bank of St. Paul v. Overboe*, 404 N.W.2d 445, 449 (N.D.1987). This court recently had occasion to address whether the "forbearance" defense recognized in *Overboe* would constitute a legitimate affirmative defense to an action for foreclosure in Montana. *Farm Credit Bank of Spokane v. Rupert E. Parsons*, 758 F.Supp. 1368 (D.Mont. 1990) (denying creditor's motion to strike affirmative defenses based upon the creditor's failure to abide by the prescriptions of the Agricultural Credit Act of 1987, 12 U.S.C. § 2202a, and the Farm Credit Act of 1971 as amended, 12 U.S.C. § 2199). Recognizing foreclosure as an equitable remedy, the court assessed the general rules developed in Montana regarding equity jurisdiction and concluded that a creditor's failure to afford restructuring and forbearance rights available under federal law would serve as the basis of an affirmative defense to foreclosure. *Id.* While

recognizing the existence of this affirmative defense, the court took pains to emphasize the limited nature of the court's inquiry by reiterating the North Dakota Supreme Court's statement in *Overboe:*

> [A]dopting non-compliance with the forbearance regulation as a valid defense to a foreclosure action is not synonymous with allowing a foreclosure court to substitute its judgment for that of the [Federal Land Bank's] loan officer. We recognize that courts have neither the training nor the experience of bank loan officers in making loan servicing decisions. *C.f., Federal Lank Bank of Wichita v. Read*, 237 Kan. 751, 703 P.2d 777, 780 (1985). Therefore we believe a court's inquiry should be limited in scope.... [When the forbearance defense has been raised by a borrower in a foreclosure action ...] the court's function is not to factually determine whether the bank reached a correct or incorrect conclusion on the borrower's qualifications for forbearance relief, but is to determine only whether the borrower's qualifications for relief were considered by the bank at all.

404 N.W.2d at 449–450.

■ The determination of whether a creditor has complied with the mandate of the Agriculture Credit Act as it bears upon restructuring and forbearance, necessitates an inquiry consisting of both a procedural and substantive component. As to the procedural aspect, the inquiry is directed at determining whether the creditor even undertook to consider the borrower's qualifications for relief. The substantive component, in turn, entails inquiry as to whether the creditor's decision not to grant restructuring or forbearance constituted an abuse of discretion. *See, Overboe*, 404 N.W.2d at 450, *citing,* 5 K. DAVIS, ADMINISTRATIVE LAW TREATISE § 28:7, pp. 285–289 (2d ed. 1984).

■ In the case at bar, the Nilsens' affirmative defense is based upon the assertion the substantive decision of the Farm Credit Bank of Spokane was arbitrary in that the ultimate conclusion to foreclose was based upon an erroneous valuation of the subject property. In support of their

position, the Nilsens submit the affidavit of Nelone Nilsen which opines that the value of the subject real property is $47,603.00, as opposed to the $61,500.00 attributed to the property by the Farm Credit Bank of Spokane in its assessment of the viability of the Nilsens' restructure proposal. The Nilsens fail to establish, however, the invalidity of the figure relied upon by the Farm Credit Bank of Spokane. Rather, the Nilsens simply ask the court to accept the valuation they offer as opposed to the valuation offered by the appraiser relied upon by the Farm Credit Bank of Spokane. The Farm Credit Bank of Spokane's reliance upon an appraisal with which the Nilsens do not agree, however, does not constitute the arbitrary type of decision which would, in equity, warrant precluding the Farm Credit Bank of Spokane from proceeding with the present foreclosure. Having assessed the merits of the parties' positions, the court is constrained to conclude there exists no genuine issue of material fact regarding the Farm Credit Bank of Spokane's compliance with the Agricultural Credit Act of 1987. Having complied with the prescriptions of the Act, and having otherwise established its entitlement to foreclose upon the mortgage, the Farm Credit Bank of Spokane is entitled to JUDGMENT as a matter of law. Therefore,

IT IS HEREBY ORDERED that the motion for summary judgment of the Farm Credit Bank of Spokane be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the plaintiff shall, within ten (10) days of the date hereof, submit a proposed form of judgment for approval by the court.