**WESTERN FARM CREDIT BANK, successor in interest by merger to Federal Land Bank of Sacramento, Plaintiff and Appellee,**

v.

**Gerald N. PRATT; Vera W. Pratt; Jessup W. Van Tassell; Lucile P. Van Tassell; Van Tassell Ranches, Inc., Defendants and Appellants.**

No. 920650–CA.

Court of Appeals of Utah.

Sept. 8, 1993.

M. Dayle Jeffs (argued), Jeffs & Jeffs, Provo, for appellant.

Paul M. Harman, Jeffrey N. Walker (argued), Jones, Waldo, Holbrook & McDonough, Salt Lake City, for appellees.

Before BENCH, GREENWOOD and RUSSON, JJ.

## OPINION

BENCH, Judge:

Appellants (Borrowers) challenge the trial court's order granting summary judgment in favor of Western Farm Credit Bank (the Bank). We reverse and remand.

## FACTS

In December 1980, the Bank loaned Borrowers $345,000 and received, in exchange, a promissory note and a mortgage on Borrowers' farm in Duchesne County, Utah. In 1987, Borrowers began negotiations with the Utah Division of Water Resources (the Division) for an interest-free loan to make improvements on their farm. As a condition for the loan, the Division required Borrowers to pledge shares of stock in the irrigation company in which they held water rights. The Bank refused to release its interest in Borrowers' water rights, even though the loan from the Division would have reduced Borrowers' obligation to the Bank by $212,000.

In February 1988, the Bank notified Borrowers that they were in default on their obligation and that if the default was not cured immediately the Bank would commence foreclosure proceedings. Borrowers applied for a restructuring of their debt under the Agricultural Credit Act (the Act). *See* 12 U.S.C. § 2202a (1989). The Bank denied Borrowers' application. Borrowers appealed to the Credit Review Committee, which affirmed the Bank's denial of Borrowers' restructuring application.

In May 1989, after Borrowers failed to cure their default, the Bank commenced this foreclosure action in district court. Borrowers asserted various equitable defenses in their amended answer, including the defense that the Bank's failure to comply with the Act should preclude any foreclosure proceedings.

The Bank brought a motion for summary judgment. In opposition to the Bank's motion, Borrowers specifically raised several defenses and incorporated by reference the equitable defenses raised in their amended answer. Borrowers also incorporated by reference an affidavit from Jessup Van Tassell submitted with their amended answer. In his affidavit, Mr. Van Tassell discussed how the Bank allegedly failed to comply with provisions of the Act. The trial court denied the Bank's motion.

After a second period of discovery, the Bank filed a second motion for summary judgment. In opposition to the Bank's motion, Borrowers again incorporated all prior pleadings by reference. The trial court granted the Bank's second motion for summary judgment. In granting summary judgment, the trial court did not address Borrowers' equitable defenses to foreclosure. This appeal followed.

## ISSUES

Borrowers raise the following issues on appeal: (1) whether the trial court erred in failing to recognize a state common law private right of action for a lender's violation of the Act; (2) whether the trial court erred in failing to recognize a federal private right of action for a lender's violation of the Act; (3) whether the trial court erred in granting the Bank's motion for summary judgment by failing to consider the Bank's alleged violations of the Act as an equitable defense to foreclosure proceedings; and (4) whether the trial court erred by ruling, as a matter of law, that the Bank's actions did not constitute bad faith.

## STANDARD OF REVIEW

 Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Ron Case Roofing & Asphalt Paving, Inc. v. Blomquist*, 773 P.2d 1382, 1385 (Utah

1989). "We accord no deference to the trial court's conclusion that the facts are not in dispute nor the court's legal conclusions based on those facts." *Kitchen v. Cal Gas Co., Inc.*, 821 P.2d 458, 460 (Utah App.1991), *cert. denied*, 832 P.2d 476 (1992). We review all relevant facts, including all inferences arising from those facts, in a light most favorable to the losing party. *Id.* If, after a review of the record, it appears that there is a material factual issue, we are compelled to reverse the trial court's grant of summary judgment. *Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 957 (Utah App.1989). "One sworn statement under oath [involving a material fact] is all that is necessary to create a factual issue, thereby precluding the entry of summary judgment." *Id.*

## ANALYSIS

### Private Rights of Action

Borrowers argue that the trial court erred in granting the Bank's motion for summary judgment by not recognizing a federal or state common law cause of action. Borrowers did not, however, raise these issues before the trial court. We are governed by the general principle that we may not address issues that are raised for the first time on appeal. *See Ong Intern. (U.S.A.) v. 11th Ave. Corp.*, 850 P.2d 447, 455 n. 31 (Utah 1993) ("Failure to raise the point [below] precludes its consideration here."). We therefore may not address, for the first time on appeal, Borrowers' arguments that this court should recognize a federal or state common law cause of action.

### Equitable Defense

Borrowers next claim that the trial court erred in granting the Bank's motion for summary judgment, because factual issues remain as to the Bank's alleged failure to comply with the Act. The Bank argues that because Borrowers did not specifically raise this as an equitable defense in opposition to the Bank's motion for summary judgment, they cannot raise it on appeal. We disagree. Borrowers included this equitable defense in their amended answer to the Bank's complaint and incorporated it by reference into their memorandum in opposition to the Bank's motion for summary judgment. Thus, the Bank and the trial court were on notice that Borrowers were relying on a defense first asserted in their amended answer. *See Valley Bank & Trust Co. v. Wilken*, 668 P.2d 493, 494 (Utah 1983) (suggesting a defense raised in the answer may be preserved by reference, for purposes of opposing a motion for summary judgment).

■ The question of whether, in a foreclosure action, a borrower may raise the equitable defense of a bank's noncompliance with the Act is an issue of first impression in this state. Most jurisdictions that have addressed this issue have concluded that such an equitable defense is available in foreclosure actions. *See, e.g., Federal Land Bank of Spokane v. L.R. Ranch Co.*, 926 F.2d 859, 863–64 (9th Cir. 1991) (borrowers can assert the bank's failure to comply with any procedural or substantive provision of the Act as an equitable defense to foreclosure); *Harper v. Federal Land Bank of Spokane*, 878 F.2d 1172, 1177 (9th Cir.1989) (in some jurisdictions, a bank's alleged failure to afford borrowers restructuring rights may be raised as an equitable defense to foreclosure); *Farm Credit Bank of Spokane v. Parsons*, 758 F.Supp. 1368, 1370–71 (D.Mont.1990) (bank's alleged failure to afford borrower's restructuring rights under the Act may be raised as an equitable defense to foreclosure), *cert. denied*, 493 U.S. 1057, 110 S.Ct. 867, 107 L.Ed.2d 951 (1990); *Burgmeier v. Farm Credit Bank of St. Paul*, 499 N.W.2d 43, 48–49 (Minn. App.1993) (a borrower may assert a lender's noncompliance with substantive provisions of the Act as an equitable defense); *Lillard v. Farm Credit Services of Mid-America*, 831 S.W.2d 626, 628–29 (Ky.App. 1991) (same); *Federal Land Bank of St. Paul v. Bosch*, 432 N.W.2d 855, 858–59 (N.D.1988) (same); *Federal Land Bank of St. Paul v. Overboe*, 404 N.W.2d 445, 449 (N.D.1987) (same).

In *L.R. Ranch Co.*, the Ninth Circuit concluded that, while the Act does not create a private right of action, it does afford a borrower the right to assert a bank's noncompliance with the Act as an equitable defense in foreclosure proceedings. *Id.* 926 F.2d at 863. The court stated that the relevant inquiry in evaluating a borrower's equitable defense of noncompliance with the Act is "1) whether the creditor considered the borrower's qualifications for restructuring in accordance with its procedures, and 2) whether in its decision not to grant restructuring or forbearance, the bank 'abused its discretion by acting in an arbitrary, capricious, unreasonable or unconscionable manner.'" *Id.* at 863 n. 7 (quoting *Overboe*, 404 N.W.2d at 450).

In *Overboe*, the North Dakota Supreme Court held, that while no private right of action exists for a lender's noncompliance with the Act, the Act may provide an equitable defense to foreclosure proceedings. 404 N.W.2d at 448. The *Overboe* court adopted the reasoning applied by some courts that have interpreted Housing and Urban Development (HUD) regulations:

> [j]ust as the HUD regulations were issued in furtherance of national housing goals, the administrative forbearance regulation at issue in this case was adopted ... in furtherance of ... fostering agricultural development.... Allowing [the bank] to foreclose mortgages without regard to the administrative forbearance regulation would be inimical to the achievement of this goal.... [T]he failure of [the bank] to comply with the administrative forbearance regulations and policies ... gives rise to a valid equitable defense to a foreclosure action under state law.

*Id.* at 449.

Similarly, in *Lillard*, the Kentucky Court of Appeals concluded that a bank's alleged noncompliance with the Act provides a valid equitable defense to foreclosure proceedings. 831 S.W.2d at 629. The court reasoned that "[t]he [borrowers] were completely free to set up, by way of defense to the state-court foreclosure proceeding, their rights under the Agricultural Credit

Act of 1987...." *Id.* at 628 (quoting *Zajac v. Federal Land Bank of St. Paul*, 909 F.2d 1181, 1183–84 (8th Cir.1990) (en banc) (Arnold, J., concurring)). The court held that:

> the foreclosure action ... was the logical and appropriate place for the [borrowers] to assert the bank's failure to afford them those rights specifically designed to prevent foreclosure in the first instance. Failure to allow borrowers to assert such a defense in a state court foreclosure proceeding would essentially render meaningless the rights extended to borrowers under the Act and frustrate the intent of Congress to benefit this nation's struggling farm population.

*Lillard*, 831 S.W.2d at 629.

The Bank cites *Federal Land Bank of Spokane v. Wright*, 120 Idaho 32, 813 P.2d 371 (App.1991), for the proposition that Congress did not intend that alleged violations of the Act by lenders could be raised as an equitable defense in foreclosure actions. In *Wright*, the borrowers failed to appear at a hearing on the lender's motion for summary judgment in foreclosure proceedings. The trial court entered summary judgment in favor of the lender. The trial court subsequently refused to set aside the summary judgment. The borrowers appealed, alleging that the judgment should be set aside on the ground of excusable neglect pursuant to rule 60(b)(1) of the Idaho Rules of Civil Procedure. In affirming the trial court's decision, the Idaho Court of Appeals declined to address the issue of whether the borrowers had an equitable defense to the lender's foreclosure action: "Because we hold that Rule 60(b)(1) is the dispositive issue, we need not decide whether an alleged violation of the Agricultural Credit Act of 1987 constitutes a meritorious defense to the action." *Id.*, 120 Idaho at 35, 813 P.2d at 374.

The court went on to opine, in dicta, that equitable defenses are not available to borrowers in foreclosure proceedings under the Act. The court relied on several cases that declined to create a private right of action under the Act, but did recognize a borrower's right to raise an equitable de-

fense to foreclosure based on a bank's non-compliance with the Act. *Id.*, 120 Idaho at 35 n. 5, 813 P.2d at 374 n. 5. As such, the authority relied upon in the court's dicta is inapposite to the court's own holding and to the Bank's argument in the present case.

We find the reasoning of *L.R. Ranch Co.*, *Overboe*, and *Lillard* persuasive, and likewise conclude that a borrower may assert a lender's violation of substantive and procedural provisions of the Act as an equitable defense to foreclosure.[1]

Borrowers in this case have asserted that they should be shielded from foreclosure because of the Bank's noncompliance with the Act. They filed an affidavit from Jessup Van Tassell in support of their equitable defense that the Bank did not comply with the provisions of the Act. Thus, Borrowers have raised a genuine issue of material fact, pursuant to a permissible equitable defense, that could not be resolved on summary judgment. The trial court therefore erred in granting summary judgment in favor of the Bank.

### Bad Faith

Borrowers claim that the Bank breached its implied contractual duty of good faith and fair dealing in bringing foreclosure proceedings. Borrowers claim that since good faith and fair dealing are fact sensitive issues, the trial court erred in deciding, as a matter of law, that the Bank did not act in bad faith. We agree.

Generally, "a covenant of good faith and fair dealing inheres in most, if not all, contractual relationships." *St. Benedict's Dev. v. St. Benedict's Hosp.*, 811 P.2d 194, 199–200 (Utah 1991). Under the covenant of good faith and fair dealing, each party to a contract impliedly promises not to "intentionally or purposely do anything which will destroy or injure the other party's right to receive the fruits of the contract." *Id.* at 199. A violation of this covenant

gives rise to a claim for breach of contract. *Id.* at 200. Whether there has been a breach of contract is generally a "factual issue to be determined by [the factfinder] after consideration of all attendant circumstances and evidence." *American Concept Ins. Co. v. Lochhead*, 751 P.2d 271, 273 (Utah App.1988); *accord Commercial Security Bank v. Hodson*, 15 Utah 2d 388, 393 P.2d 482 (1964).

In the present case, Borrowers raised the Bank's alleged breach of the contractual duty of good faith and fair dealing both as an affirmative defense and as a counterclaim. Borrowers asserted this claim in their amended answer and by reference in opposition to the Bank's motion for summary judgment. Borrowers supported their allegations with an affidavit from Mr. Van Tassell. Borrowers therefore raised a material factual issue that was not subject to resolution as a matter of law on summary judgment.

### CONCLUSION

We do not address Borrowers' federal and state common law causes of action arguments because they were raised for the first time on appeal. We conclude that the trial court erred in granting summary judgment because of the presence of genuine issues of material fact regarding Borrowers' equitable defenses. We also conclude that the trial court erred in granting summary judgment because of the presence of genuine issues of material fact regarding the Borrowers' breach of contract claim.

We therefore reverse the trial court's grant of summary judgment and remand the case for further proceedings.

GREENWOOD and RUSSON, JJ., concur.

---

**1.** We reject the Bank's suggestion that recognizing an affirmative defense to foreclosure proceedings under the Act is tantamount to recognizing a private right of action under the Act. A private right of action could be brought by a borrower against a bank any time a borrower felt it had been dealt with by a bank in an unfair manner. By contrast, an affirmative defense can only be raised after a bank has initiated foreclosure proceedings against a borrower.